**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JOHN T. GOFF,** ) | **CASE NO. 5:10CV1240** |
| ) | |
| Petitioner, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | **MAGISTRATE JUDGE GREG WHITE** |
| ) | |
| **ROBERT WELCH, WARDEN,** ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |

Petitioner, John T. Goff ("Goff"), *pro se*, challenges the constitutionality of his conviction in the case of *State v. Goff*, Summit County Court of Common Pleas Case No. CR2001-06-1390A. Goff filed his Petition for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on June 2, 2010. On September 8, 2010, Warden Welch ("Respondent") filed a Motion to Dismiss. (Doc. No. 4.) Goff filed a Traverse on October 8, 2010. (Doc. No. 5.) This matter is before the undersigned pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Goff's Petition be dismissed.

### I. Procedural Background

A jury found Goff guilty of two counts of rape, two counts of sexual battery, and one count of child endangering in Summit County Common Pleas Court.[1] (Doc. No. 1 at 1-2; Doc. No. 4 at 2.) He received an aggregate sentence of twenty years. (Doc. No. 1 at 1.) Goff appealed to the Court of Appeals for the Ninth Appellate District ("state appellate court") raising five assignments of error:

(1) that the trial court incorrectly denied his motion to change venue;

---

[1] The Court notes that this was Goff's second trial on the same charges, as the first judgment was vacated for further proceedings in light of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004).

> (2) that the trial court incorrectly allowed the prosecutor to elicit other act evidence concerning alleged sexual contact between him and his stepdaughter;
>
> (3) that his trial counsel was ineffective because he failed to object to the other act evidence elicited by the prosecutor;
>
> (4) that his conviction is against the manifest weight of the evidence; and,
>
> (5) that the trial court incorrectly used facts not found by the jury in imposing the maximum sentence on his rape convictions and directing that the sentences on those convictions would run consecutively, that the trial court abused its discretion by sentencing him to twenty years imprisonment, and that he was denied equal protection because Mrs. Goff was sentenced to only three years imprisonment for her participation in those same crimes.

*State v. Goff*, 2007 WL 1612796, *1 (Ohio App. 9th Dist., Jun. 6, 2007).  On June 6, 2007, the state appellate court affirmed.  (Doc. No. 1 at 2; 2007 WL 1612796.)  Goff appealed to the Ohio Supreme Court, which did not accept the case for review.  (Doc. No. 1 at 3; 115 Ohio St.3d 1474, 875 N.E.2d 628 (Oct. 31, 2007).  He did not appeal to the United States Supreme Court.

Goff indicates, without any support, that he filed a 26(B) Application to Reopen in the state appellate court on February 2, 2009, with the state appellate court.  (Doc. 1 at 4-5.)  The docket of the Summit County Clerk of Court's office, however, reflects that on that date he filed a motion to supplement the record as to allegedly missing hearings.  *See* http://www.cpclerk.co.summit.oh.us/Dockets, CR-2001-06-1390A.  Goff represents in the motion to supplement that he will use the missing transcripts to file an application to reopen.  *Id.*

On June 2, 2010, Goff filed an application for a writ of habeas corpus with this Court, raising four claims:

> **Ground One**: Violation of United States Constitution right 6 "SEE ATTACHED."
>
> **Ground Two**: Violation of United States Constitution right 8 "SEE ATTACHED."
>
> **Ground Three**: Violation of United States Constitution right 12 "SEE ATTACHED."
>
> **Ground Four**: Violation of United States Constitution right 14 "SEE ATTACHED."

Goff, however, failed to attach anything in support of these grounds to his Petition.

Respondent filed a motion to dismiss arguing that Goff failed to state a claim upon which relief can be granted.  (Doc. No. 4 at 2.)  He contends that Goff's "mere conclusory statements" are insufficient to maintain this action.  *See Bell Atlantic Corp., et al., v. Twombly*, 550 U.S. 544

(2007).  Simultaneous to filing his Traverse, Goff submitted a videotape recording as an exhibit. (Doc. No. 6.)

## II. Law and Analysis

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed.  *Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001).  "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of facts which entitle the petitioner to relief."  *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996) (internal citations omitted).  Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (*citing* to Rules Governing § 2254 Cases, Rule 4 ("Habeas Rules" or "Rules"); *see also Smith v. Stegall*, 141 F.Supp.2d 779, 784 (E.D. Mich. 2001).

Pursuant to the Habeas Rules, a petition must state the facts supporting each ground and be printed, typewritten, or legibly handwritten.  *See* Rules Governing § 2254 Cases, Rule 2(c)(2), (4).  Furthermore, the Federal Rules of Civil Procedure are applicable to a habeas proceeding, as long as they are not inconsistent with any controlling statutory provision.  *See* Rules Governing § 2254 Cases, Rule 12.

Fed.R.Civ.P. 12(b)(6) authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  The Sixth Circuit set forth the standard in *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 (6th Cir. 2007):

> The Supreme Court has clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations and quotation marks omitted).  Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. (internal citation and quotation marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"),

3

> characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S.Ct. at 1969.

*Firestone v. CitiMortgage, Inc.*, 2010 WL 2639906, **1-2  (N.D. Ohio Jun. 29, 2010) (*quoting Ass'n of Cleveland Fire Fighters* at 548).

> The Supreme Court gave the following additional guidance in *Ashcroft v. Iqbal*:
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than [legal] conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

– U.S. –, 129 S. Ct. 1937, 1950 (2009).

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain ... a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S.Ct. at 1949 (citations removed).  Rule 8 does not require "detailed factual allegations, but it requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citations and internal quotations omitted).

In his Petition, Goff raises four constitutional violations, but does not present any supporting facts.  Furthermore, Goff did not set out any supporting facts in his Traverse.  (Doc. No. 5.)  While he argues generally that his constitutional rights were violated by court officers and that there was a clear miscarriage of justice, he offers no support for either argument.  (Doc. No. 5 at 3.)  He also raises an ineffective assistance of counsel claim, again without any supporting facts.  *Id*.  Goff states in his conclusion that he "purposely made no mention of issues and instances in the Violations of Petitioner[']s constitutional rights.  (Doc. No. 5 at 5.)  Goff has filed a video home system ("VHS") tape as an exhibit, asking the Court to review it.[2]  (Doc. No.

---

[2]The tape is marked "Montel, media info."

6.)

Goff is not in compliance with Habeas Rule 2 as he has not set forth facts supporting each ground.  For the same reason, he also is not in compliance with the Federal Rules of Civil Procedure.  Goff appears to be relying on the contents of the videotape to argue his case.  The petition for writ of habeas corpus, and not briefs or other documents, provides the basis for granting a petition.  *See Scott v. Hopkins*, 82 F.Supp.2d 1039, 1050 (D. Neb. 1999).  A habeas petitioner's general reference to the transcripts, case records, and briefs on appeal from state court "patently fails to comply with Rule 2(c)."  *See Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990).  Accordingly, the videotape, without more, is not properly before the Court.

Additionally, assuming that Goff wishes to raise the claims that he presented before the state court, he has offered only conclusory allegations why his conviction is a violation of the Federal Constitution.  Conclusory allegations in a habeas petition do not provide a basis for habeas relief.  *Payne v. Smith*, 207 F.Supp.2d 627, 650 (E.D. Mich. 2002).  "A mere 'boiler-plate assertion' that a petitioner's conviction contains some unspecified flaw does not equate to a valid claim that a federal district court should research and consider."  *Smith v. Jackson*, 2006 WL 950269, *2 (E.D. Mich. Apr. 12, 2006) (*citing Gardner v. Norris*, 949 F.Supp. 1359, 1368 (E.D. Ark. 1996)).  The pleadings of *pro se* petitioners are held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted.  *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), *citing Haines v. Kerner*, 404 U.S. 519, 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  The Court, however, is not required to construct a petitioner's arguments for him.  *Smith* at *2 ; *see Small v. Endicott*, 998 F.2d 411, 417-418 (7th Cir. 1993).  As such, the Court recommends that Goff's Petition be dismissed.

Alternatively, and not raised by Respondent, the Court finds that dismissal with prejudice is also appropriate as Goff did not file the Petition timely.  A federal court may *sua sponte* consider the statute of limitations issue in the exercise of its discretion as long as the parties are accorded "fair notice and an opportunity to present their positions."  *See Day v. McDonough*, 547 U.S. 198, 209-210 (2006); *Gibson v. Warden, Hocking Corr. Facility*, 2011 WL 1429099

(S.D. Ohio Feb. 23, 2011). Here, the parties will be provided "fair notice" and "an opportunity to present their positions," because they can respond by way of objections to the Report and Recommendation. *Gibson,* fn. 5; *cf. Bowman v. Warden, Lebanon Corr. Inst*., 2009 WL 943847, \*\*1, 4 (S.D. Ohio Apr. 6, 2009).

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Goff's conviction became "final" on January 29, 2008, upon the expiration of the period for filing an appeal with the United States Supreme Court, ninety days after the Ohio Supreme Court dismissed his appeal. The AEDPA limitations period started one day later, January 30, 2008. Fed.R.Civ.P. 6(a)(1); *see Bronaugh v. Ohio*, 235 F.3d 280, 283-284 (6th Cir. 2000) (AEDPA statute of limitations starts on day after petition for writ of *certiorari* was due in Supreme Court). Unless the limitations period was tolled, Goff had until January 30, 2009, to file his federal habeas petition. He signed and mailed his Petition on May 25, 2010, and June 1, 2010, respectively. Using either date, his petition was filed more than fifteen months too late. Furthermore, Goff's filing in the state appellate court on February 2, 2009, would not have tolled the limitations period as it had already expired. *See* 28 U.S.C. § 2244(d)(2). A state

post-conviction petition cannot serve to toll a statute of limitations which had already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted).

Unless Goff can demonstrate that he is entitled to equitable tolling, his Petition is untimely. The petitioner bears the burden of proving that equitable tolling is applicable. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In order to be entitled to equitable tolling, Goff must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Assuming *arguendo* that Goff has diligently pursued his rights, he has not identified any extraordinary circumstance that prevented him from filing a timely habeas petition. Therefore, Goff is not entitled to equitable tolling. Without the benefit of equitable tolling, the instant petition should be dismissed.

### III. Conclusion

The Court, therefore, recommends that Goff's Petition be dismissed with prejudice for failure to state a claim and because it is barred by the AEDPA statute of limitations.

s/ Greg White<br>
United States Magistrate Judge

Date: June 1, 2011

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**